# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EVER ORLANDO AYALA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8095** |
| **CAESAR'S ENTERTAINMENT, ET. AL.** | **SECTION: "B"(3)** |

### ORDER AND REASONS

Before the Court are Defendant Jazz Casino Company, LLC's Motion for Summary Judgment (Rec. Doc. 11), Plaintiff Ever Orlando Ayala's Memorandum in Opposition (Rec. Doc. 14), and Defendant's Reply (Rec. Doc. 17). For the reasons discussed below,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

On July 16, 2017, between 11:00 p.m. and 12:00 a.m., plaintiff arrived at Harrah's New Orleans Casino. *See* Rec. Doc. 11-1 at 2. Once at the casino, he played various casino games and drank approximately five alcoholic beverages. *See id.*; Rec. Doc. 14 at 1. Then, between 1:00 a.m. to 5:00 a.m., he went to the restroom. *See* Rec. Doc. 14 at 1. After leaving the restroom, plaintiff walked down two stairs, took a step or two, and slipped. *See* Rec. Doc. 11-1 at 2. He struck his body and head on the floor. *See* Rec. Doc. 14 at 2. According to defendant, plaintiff, who was "buzzing" due to alcohol, got up quickly and told someone he was alright. *See* Rec. Doc. 11-1 at 2. Plaintiff states that he did not feel

intoxicated. *See* Rec. Doc. 11-4 at 14. He did not inspect the floor after he fell. *See* Rec. Doc. 11-1 at 3.

Plaintiff recalls seeing a cleaning person about ten to fifteen feet to his right before he slipped; however, he does not recall reporting the accident to any casino employee that night. *See id*. at 2; Rec. Doc. 14 at 1-2. The next day, plaintiff called and made a report. *See* Rec. Doc. 11-4 at 12.

On July 6, 2018, plaintiff filed suit in Civil District Court for the Parish of Orleans. *See* Rec. Doc. 1 at 2. On August 24, 2018, defendant removed the lawsuit to this Court on the basis of diversity jurisdiction. *See id*. On April 8, 2019, defendant filed a motion for summary judgment. *See* Rec. Doc. 11. On April 24, 2019, plaintiff filed a memorandum in opposition.[1] *See* Rec. Doc. 14. On April 29, 2019, defendant replied. *See* Rec. Doc. 17.

Plaintiff opposes summary judgment arguing the facts and inferences drawn from the evidence show a genuine dispute as to material facts. *See* Rec. Doc. 14 at 4. Specifically, plaintiff contends there are genuine issues of material fact on whether plaintiff's accident was caused by a condition which presented an unreasonable risk or harm, and whether defendant created the condition which caused the accident. *See id*. at 4-6.

---

[1] Plaintiff untimely filed his memorandum in opposition but the Court will consider it as it was filed before the submission date.

Plaintiff does not recall inspecting the floor where the accident happened. He argues plaintiffs in most slip and fall accidents do not recall the cause of their fall. *See id*. After several drinks, Plaintiff fell backwards and hit his head on the floor. He argues, unsurprisingly, that his recollection of the accident was not very good for some time after the accident. *See id*. at 4-6. However, he does recall seeing a cleaning person about ten to fifteen feet away from him prior to the fall at issue. Plaintiff contends he was not in a mental condition to inspect or recall inspecting the floors immediately after the accident. *See id*. at 4-6. Plaintiff testified that the cause of his fall had to result from a wet floor. *See id*. at 5.

Plaintiff concludes, "[g]iven that all factual inferences reasonably drawn from the evidence must be construed in favor of plaintiff, and all doubt must be resolved in his favor, plaintiff provides sufficient factual evidence to carry his burden." *Id*.

**LAW AND ANALYSIS**

**A. Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986) (quoting Fed. R. Civ. P. 56(c)). *See also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the

absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

**B. Plaintiff Fails to Meet His Burden**

La. R.S. § 9:2800.6, the Louisiana Merchant Liability Act, establishes a plaintiff's burden of proof on a slip and fall claim against a merchant. *See Cone v. DG La., LLC*, 2019 U.S. Dist. LEXIS 38435 *1, *4 (E.D. La. 2019). Specifically, in pertinent part, the Act states:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a

5

written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.

It is well established that, in addition to all other elements of his claim, a plaintiff must prove each of the three elements set forth in the Act. *See id*. Thus, a heavy burden of proof is on plaintiffs with claims against merchants for damages arising out of a fall on the premises. *See id*. at *6.

In this case, Plaintiff fails to meet his burden of proof of showing there is a triable issue as to at least one of the three elements set forth in the Act. *See generally Lee v. Autozone Stores, LLC*, 2019 U.S. Dist. LEXIS 693 *1, *5 ("A failure to make a clear showing of any one element under Louisiana's merchant liability statute is fatal to a plaintiff's claim.") Specifically, Plaintiff fails to show a triable issue as to (1) whether the accident was caused by a condition which presented an unreasonable risk or harm and (2) whether defendant created the condition which caused the accident.

Plaintiff alleges that the accident was caused by water on the floor of defendant's premises but offers no evidence to support his allegation. *See* Rec. Doc. 11-4 at 14. In fact, in his deposition, plaintiff states that he did not see or feel anything wet on the floor. *See id*. He has no recollection at all of inspecting the floor where he fell. *See id*. Plaintiff's conclusory allegation that the floor was wet is insufficient to defeat summary

6

judgment. *See Eason*, 73 F.3d at 1325; *see also Trench v. Winn-Dixie Montgomery LLC*, 150 So.3d 472, 476 (5th Cir. 2014)(granting summary judgment when plaintiff admitted that she did not know why the floor was slippery or what caused her to fall); *Gray v. Shoney's Inc.*, 1998 U.S. LEXIS 463 *1, *8 (E.D. La. 1998)(granting summary judgment when plaintiff failed to offer evidence that water was on the floor of the hallway leading to the men's restroom prior to his fall).

Plaintiff concludes the floor was wet because his shoes did not grip on the floor. *See* Rec. Doc. 11-4 at 14. This speculative unsupportive allegation is insufficient to defeat summary judgment. *See McCarty*, 864 F.3d at 357. Accordingly, Plaintiff fails to establish a genuine issue as to whether the accident was caused by a condition which presented an unreasonable risk or harm. This alone makes summary judgment inappropriate; however, the Court will address whether plaintiff offered sufficient evidence to establish a genuine issue as to whether defendant created the condition which caused the accident.

Plaintiff alleges without factual support that defendant placed water on the floor causing him to slip. Specifically, he alleges that Harrah's Casino's Environmental Services personnel were on the floor and "likely cleaning or mopping" at the time of the accident. *See* Rec. Doc. 14 at 5-6. In his deposition, plaintiff states that he saw a cleaning person out of the corner of his eye

before he fell. However, he only remembers the race of the man he saw and assumes it was a cleaning person. *See* Rec. Doc. 14-1 at 13. Plaintiff does not recall the person holding a mop and makes no mention of any other features that would make the person he saw to be custodian or cleaning person. *See id*. at 14. Plaintiff is asking for an inference of causation without material direct or indirect evidence in support. He fails to meet his burden. *See McCarty*, 864 F.3d at 357 ("This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of [plaintiff].").

Even when viewed in the light most favorable to plaintiff, the presented material evidence could not support a judgment by reasonable fact finders in favor of the plaintiff. *See Cone*, 2019 U.S. Dist. LEXIS 38435 at *6; *Anderson*, 477 U.S. at 256. Plaintiff's claims are dismissed as speculative and conclusory.[2]

New Orleans, Louisiana, this 9th day of May 2019

                                SENIOR UNITED STATES DISTRICT JUDGE

---

[2] While neither requested or having cause to allow an amendment to the complaint, it would be fruitless to invite an amendment at this late stage, post-discovery and eve of trial.